■ In the Matter of ROBERT KAMMERER et al., Respondents, v DONALD CROUCHLEY et al., Appellants. [613 NYS2d 263] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioners of the Westbury Fire District dated July 25, 1990, which rejected the petitioners' respective applications for readmission as firemen in the Westbury Fire District, the appeal is from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated April 10, 1992, which granted the petition and directed the appellants to readmit the petitioners as members of the Westbury Fire Department with all rights and privileges retroactive to July 29, 1990.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is dismissed, and the determination of the appellants is confirmed.

A court cannot interfere with the decision of an administrative tribunal in a case such as this unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222). The denial of the petitioners' respective applications for readmission was based on their undisputed failure to meet the requirements of the fire district's newly amended by-laws. The fact that the appellants had previously granted applications for readmission of candidates who did not meet the requirements of the old by-laws does not establish that the determination here was arbitrary and capricious. We note that the petitioners do not challenge the rationality of the new requirements for readmission under the amended by-laws. There is a rational basis in the record to support the appellants' determination to enforce the new requirements. Accordingly, the petition should have been dismissed. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.